UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ERIC ALAN CAREY,
f/k/a John Richard Combs,

Petitioner,

v.

STATE OF MINNESOTA
DEPARTMENT OF CORRECTIONS,

Respondent.

Civil File No. 00-1969 (JMR/ESS)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's Application for habeas corpus relief under 28 U.S.C. § 2254. The matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that the Petition for Writ of Habeas Corpus be SUMMARILY DISMISSED, without prejudice, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

Petitioner is a prisoner of the State of Minnesota who is currently incarcerated at the Minnesota Correctional Facility at Moose Lake, Minnesota. Petitioner is serving a 25-year sentence that was imposed by the Freeborn County District Court, following Petitioner's 1992 conviction for second degree criminal sexual conduct.

[1] Rule 4 provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

AUG 2000
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Petitioner has challenged his conviction and sentence in numerous state court proceedings. He also has challenged his conviction and sentence in a previous habeas corpus action in this District -- Carey v. State of Minnesota Department of Corrections, Civil No. 4:96cv760, [hereafter "Carey I"]. In that case, Magistrate Judge Arthur J. Boylan reviewed Petitioner's federal habeas corpus claims on the merits, and recommended that his petition be dismissed with prejudice. (Carey I, Docket No. 16, Report and Recommendation dated May 1, 1997.) District Court Judge Ann D. Montgomery adopted that recommendation, and ordered that Petitioner's habeas corpus petition be dismissed with prejudice. (Carey I, Docket No. 17, Order dated May 27, 1997.) Because the petition now before the Court challenges the same conviction and sentence that Petitioner challenged in Carey I, the instant petition cannot properly be entertained in this District at this time.

## II. DISCUSSION

On April 24, 1996, President Clinton signed the Anti-terrorism and Effective Death Penalty Act, ("AEDPA"), which effected significant changes in the federal habeas corpus statutes. One of those changes appears at 28 U.S.C. § 2244(b), which establishes new rules governing second and successive petitions.[2] Under these new rules, a district court

---

[2] 28 U.S.C. § 2244(b) now provides as follows:

"**(b)(1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

**(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

cannot entertain a second or successive application for habeas corpus relief filed by a state prisoner, unless the prisoner has first obtained authorization from the appropriate court of appeals allowing the prisoner to file another petition. 28 U.S.C. § 2244(b)(3)(A); see also Cox v. Norris, 167 F.3d 1211, 1212 (8th Cir. 1999) (prisoner must receive

---

> **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

**(3)(A)** Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
**(B)** A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
**(C)** The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
**(D)** The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
**(E)** The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

**(4)** A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section."

authorization from the Court of Appeals in order for a district court to consider a second or successive application for habeas corpus relief).

Because the petition now before this court is Petitioner's second application for federal habeas corpus relief with respect to his 1992 Freeborn County criminal conviction, it must be viewed as a "second or successive petition" for purposes of § 2244(b). As such, the instant petition cannot be entertained without pre-authorization from the Eighth Circuit Court of Appeals. Because Petitioner has not shown this Court that he has obtained such pre-authorization, his current petition must be dismissed for lack of jurisdiction. See Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996); Chadwick v. Graves, _ F.Supp.2d _, (N.D.Iowa July 27, 2000), 2000 WL 1059654; Wainright v. Norris, 958 F.Supp. 426, 431-32 (E.D.Ark. 1996).[3]

It is recommended that the petition be dismissed without prejudice, so that Petitioner can re-file his application for habeas corpus relief, (in a new action), if he is able to secure a pre-authorization order from the Court of Appeals as required by § 2244(b)(3)(A).

---

[3] There is some case law suggesting that an action barred by § 2244(b)(3)(A) should be transferred to the appropriate court of appeals pursuant to 28 U.S.C. § 1631, rather than simply dismissed. See e.g., Liriano v. United States, 95 F.3d 119, 122-23 (2nd Cir. 1996); Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997); In re Sims, 111 F.3d 45, 47 (6th Cir. 1997). It would not be advisable, however, to follow that approach here. The Court of Appeals will not authorize the filing of another habeas petition in the District Court unless Petitioner can meet the standard prescribed at § 2244(b)(2). Because Petitioner has made no attempt to meet that standard in his present submissions, the Court of Appeals could not -- on the basis of the existing record -- grant the pre-authorization that Petitioner needs. 28 U.S.C. § 2244(b)(3)(C). It therefore makes more sense to dismiss the present action and require Petitioner to file a separate motion for pre-authorization directly with the Court of Appeals, as contemplated at § 2244(b)(3). That will allow Petitioner to fully explain to the Court of Appeals why he believes he meets the requirements of § 2244(b)(2), and why he should therefore be allowed to file a second habeas corpus petition in this District.

However, Petitioner should carefully note that this District Court will not entertain any future habeas petition pertaining to his 1992 Freeborn County criminal conviction, unless such petition is accompanied by a pre-authorization order from the Eighth Circuit Court of Appeals.

Finally, the Court notes that Petitioner paid a filing fee in this case of $34.62, even though the prescribed filing fee for a habeas corpus action is only $5.00. 28 U.S.C. § 1914(a). The Clerk of Court should be directed to refund Petitioner's overpayment of $29.62. Because Petitioner has paid the full filing fee and there will be no further costs or expenses associated with this action, (due to its dismissal), Petitioner's application for leave to proceed in forma pauperis, (Docket No. 2), will be denied as moot.

**III. RECOMMENDATION**

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. The petition for writ of habeas corpus, (Docket No. 1), be **DISMISSED WITHOUT PREJUDICE**;

2. Petitioner's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED AS MOOT**; and

3. The Clerk of Court be directed to issue Petitioner a refund of his filing fee overpayment in the amount of $29.62.

August 24, 2000

E.S. SWEARINGEN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.